# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-0236-DGK |
| | ) | |
| HALLMARK LICENSING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 37(C)

This case arises from a long-running dispute over trademarks. Plaintiff Hallmark Industries, Inc. ("Plaintiff"), is a New Jersey corporation engaged in the manufacture, marketing, sale, and wholesale distribution of jewelry. Defendant Hallmark Licensing, LLC ("Defendant"), is a wholly owned subsidiary of Kansas City based Hallmark Cards, Inc., which owns and licenses various marks that include the HALLMARK mark and Crown logo. This action is primarily an appeal from a final decision of the Trademark Trial and Appeal Board that denied Plaintiff's applications to use certain words on its jewelry products because the applications were likely to be confused with two of Defendant's registered marks.[1]

Now before the Court is Defendant's motion to exclude a potential witness pursuant to Rule 37 (Doc. 79). Defendant argues Plaintiff's disclosure of potential witness Mitchell J. Devack on the final day of discovery was not substantially justified or harmless, and so he should be excluded as a witness under Rule 37(c). Defendant alternately asks the Court to extend discovery

---

[1] Plaintiff also seeks a declaratory judgment that it is the owner of two other marks and has asserted claims for trademark infringement, false designation of origin, counterfeiting, common law and statutory unfair competition, deceptive acts and practices, and tortious interference with economic advantage.

for the limited purpose of permitting it to depose Mr. Devack in person, and direct Plaintiff to pay the costs associated with counsel's travel for this deposition.

Plaintiff argues it did not violate Rule 37(c) because it amended its Rule 26 disclosures as soon as it became aware of Mr. Devack's existence, and, in any event, Defendant has not been prejudiced by this disclosure, so the Court should not impose sanctions. Plaintiff has no objection to extending discovery for Mr. Devack's deposition, but suggests a remote deposition makes more sense, and if defense counsel wishes to depose the witness in person, Defendant should bear this cost.

The Court finds Plaintiff was aware of Mr. Devack's existence and potential importance when it filed this lawsuit. It holds Plaintiff should have disclosed him in its initial disclosures, and has not shown that the late disclosure is either substantially justified or harmless. Mr. Devack is excluded as a witness.

## Background

One of the issues in this litigation is when Plaintiff allegedly acquired the marks at issue. Plaintiff contends it acquired them from Diastar, Inc. ("Diastar"), Plaintiff's predecessor-in-interest, in a series of assignments in 2008 for $1.8 million, and that Diastar purchased them in 1988 from Hallmark Jewelry, a company owned by Katy Industries, which had owned and used the trademarks since the 1950s.

Plaintiff's former president, principle witness, and corporate representative, Pradip Jain, was Diastar's vice president until its bankruptcy in 2008. He testified he was involved in Diastar's alleged purchase of the marks in 1988, but the company no longer has any documents related to the purchase.

Mr. Devack is an attorney in East Meadow, New York. He was Diastar's attorney in the late 1980s and early 1990s when it allegedly purchased the marks from Hallmark Jewelry.

This lawsuit was filed on July 3, 2017, in the District of New Jersey. It was transferred to this district on March 27, 2018. Plaintiff served Defendant with its initial Rule 26(a)(1) disclosures (Doc. 41) on May 14, 2018. It did not list Mr. Devack on this disclosure or any subsequent disclosure until the last day of discovery.

Plaintiff contends it did not occur to it that Mr. Devack might be a potential witness in this litigation until November 14, 2018, when Plaintiff was deposing a defense witness in Kansas City.[2] During a break in the deposition, Plaintiff's counsel and Plaintiff's representative, Mr. Jain, were discussing transactions that allegedly resulted in Plaintiff acquiring the marks at issue. Then Mr. Jain "suggested to Plaintiff's counsel that he wondered whether Diastar's prior attorney, Mr. Devack, might remember the transactions from around 1988, such that he might have relevant information." This was when Plaintiff's counsel became aware of Mr. Devack's possible relevance.

Two days later, on November 16, 2018—the day discovery closed—Plaintiff's counsel served amended Rule 26(a) disclosures identifying Mr. Devack as an individual likely to have discoverable information that Plaintiff may use to establish its acquisition of the HALLMARK mark from Diastar and the consideration paid for it.

Defense counsel subsequently requested that Plaintiff withdraw the identification of Mr. Devack as a witness. Plaintiff's counsel declined, explaining he had only learned of the witness' existence two days earlier, but he had no objection to extending discovery so Defendant could

---

[2] The witness was originally scheduled to be deposed on October 25, 2018, but shortly before Plaintiff's counsel was scheduled to fly to Kansas City, the witness requested the deposition be rescheduled because of a family medical emergency, and Plaintiff's counsel agreed.

3

depose Mr. Devack. Plaintiff's counsel also suggested that a deposition by telephone or video/web conferencing would be preferable since it would be less expensive and more efficient for all the parties.

Defense counsel then contacted the Court to arrange for a discovery dispute teleconference pursuant to Local Rule 37.1. Instead of holding a teleconference, the Court directed the parties to file a formal motion and fully brief the issue.

Defendant's motion and suggestions in support (Docs. 79-80) asks the Court to exclude Mr. Devack, or alternately, for the Court to extend discovery to allow it to depose Mr. Devack in person in New York and order Plaintiff to pay the travel expenses associated with deposing him.

In its suggestions in opposition (Doc. 81), Plaintiff's counsel reports that he recently contacted Mr. Devack, and Mr. Devack remembers "the transaction [where Diastar allegedly acquired the marks] and has relevant information." Counsel does not say what this information is, but counsel shared that Mr. Devack recalled there was a lawsuit involving the transaction in the Southern District of New York, and there may be relevant documents in that court's records which he has not yet retrieved.

**Standard**

Federal Rule of Civil Procedure 26 imposes various affirmative duties on litigants to search for and disclose information during the discovery process, two of which are relevant here.[3] First, Rule 26(a)(1)(A)(i) states that a party must provide "the name . . . of each individual likely to have

---

[3] Also conceivably applicable here is a duty imposed under Rule 26(g). Rule 26(g) requires an attorney of record to sign every disclosure made under Rule 26(a) certifying "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the disclosure is "complete and correct." "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3) (emphasis added). Since neither party has discussed whether Plaintiff's counsel made a reasonable inquiry before signing the initial Rule 26(a) disclosures, and nothing in the record suggests counsel did not do so, the Court declines to impose sanctions under Rule 26(g).

discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Second, Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden is on the potentially sanctioned party to prove harmlessness or justification. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018).

"In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure" or impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). This means a party must move for an alternative sanction before the court can consider an alternative sanction. Fed. R. Civ. P. 37(c)(1); *Vanderberg*, 906 F.3d at 705. In its most recent decision on the subject, the Eighth Circuit stressed that "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)." *Vanderberg*, 906 F.3d at 705. "[E]xclusion occurs automatically by operation of the rule; the rule permits, but does not require, the imposition of an alternative sanction on party's motion." *Id*. "In other words," if a party does not comply with the disclosure requirements in Rule 26(a), the information "is excluded unless the failure was substantially justified or harmless." *Id*. at 703. But the district court may, if either party moves for it, "impose an additional or alternative sanction." *Id*.

Where a party has moved for an alternative sanction, the district court enjoys wide discretion to fashion a remedy or sanction appropriate for the circumstances. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In fashioning an alternate remedy, the court must consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* The court's discretion, however, narrows as the effective severity of the sanction increases. *Id.*

Whatever the sanction imposed, where it is tantamount to dismissal or would result in a one-sided trial, the district court "may need to first consider the possibility of lesser sanctions." *Vanderberg*, 906 F.3d at 704; *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011).

## Discussion

### I. Plaintiff violated Rule 26(a) and 26(e) by failing to disclose Mr. Devack before the last day of discovery.

Plaintiff argues it did not violate either rule because it disclosed Mr. Devack as soon as it realized his relevance to this litigation. Plaintiff argues the question is not when it knew of Mr. Devack's existence, but when it knew of his relevance. It notes that the transaction in question occurred 30 years ago, and "[i]t is natural for people to forget facts that far in the past without prompting as to their relevance." Suggestions in Opp'n at 4. "Though Mr. Jain attended the other depositions in this matter, there is nothing to suggest that his recall of Mr. Devack was anything other than a guess regarding the happenings from 30 years ago that was prompted by discussions at [the] deposition." *Id*.

The Court is not persuaded. Mr. Jain is Plaintiff's former president, its corporate representative, and its principle witness in this case. He was also Diastar's vice-president until its bankruptcy in 2008, and he was involved in the Diastar transaction at issue. Thus, Mr. Jain (and,

6

by extension, Plaintiff), knew of Mr. Devack's existence for years before Plaintiff filed this lawsuit. He also must have known of Mr. Devack's potential relevance. This case is about who owns the marks Plaintiff allegedly acquired from Diastar in 1988, so how Plaintiff acquired the marks is foundational to its case. At some point during the ten months it litigated this case before making its initial disclosures, Plaintiff must have realized it did not possess any documents from the Diastar transaction, making Mr. Devack's testimony even more important and relevant. Hence, he should have been disclosed under Rule 26(a). Alternately, assuming Mr. Devack was inadvertently not disclosed initially, he should have been disclosed under Rule 26(e) before the last day of discovery.[4]

## II. These violations were neither substantially justified nor harmless.

Once the court determines there has been a violation, the burden is on the potentially sanctioned party to prove justification or harmlessness in order to avoid a sanction. *Vanderberg*, 906 F.3d at 705. While Plaintiff has offered an explanation for what happened, this is not a justification, and no justification has been offered. As for harmlessness, Plaintiff contends Defendant was not harmed because it can still take his deposition.

The violation was not harmless. Defendant was unaware of Mr. Devack's existence, much less his potential importance, and in order for it to depose him now, the Court would have to modify the scheduling order and reopen discovery. Defendant would also incur additional expenses it would have avoided had Mr. Devack been timely disclosed, because defense counsel previously traveled to New York to take depositions and could have deposed him on that trip. Finally, Plaintiff's claim that any violation was harmless because Defendant does not need to

---

[4] Plaintiff's other argument, that Defendant also made a Rule 26(e) disclosure shortly before the discovery deadline, is unavailing. Even if the Court were inclined to consider some version of a "two wrongs make a right" argument—and it is not—Defendant's supplemental disclosure of documents nine days before the close of discovery is not analogous.

7

question Mr. Devack in person and can depose him remotely is undercut by its next claim that Mr. Devack has "relevant information" which is "potentially very important." Suggestions in Supp. at 6. If Mr. Devack has potentially important information, then it is reasonable for defense counsel to depose him in person.

Accordingly, the Court finds the violation was neither justified or harmless.

### III.    Mr. Devack is excluded.

The Court has two options for sanctions: It can exclude Mr. Devack as a witness, or it can reopen discovery for Defendant to depose Mr. Devack in person and charge Plaintiff with the cost of counsel's travel.

The former option is preferable for three reasons. First, under Rule 37(c) exclusion is the "default" sanction for failure to comply with Rule 26(a), and there is no suggestion that excluding Mr. Devack is tantamount to dismissal or would result in a one-sided trial. *Vanderberg*, 906 F.3d at 705. Second, the alternative—reopening discovery—is not much of a sanction in this case. While it would re-level the playing field, it would not punish Plaintiff for its inexplicable violation. Third, reopening discovery to depose Mr. Devack will likely result in one or both parties seeking to additionally extend discovery, further undermining the scheduling order and the speedy and efficient administration of justice. Mr. Devack has already indicated that other relevant documents exist; Plaintiff will likely want to extend discovery to locate these documents and include them in the record. If the Court permits his late-disclosed testimony, why not the late-disclosed documents identified by his late-disclosed testimony? Finally, depending on what Mr. Devack testifies to in his deposition, Defendant may need additional discovery to impeach his testimony or place it in context. Given Plaintiff's late disclosure, this would be a reasonable request. The Court holds

excluding Mr. Devack's testimony is the simpler, fairer option that is most consistent with the letter and the spirit of the rules of discovery.

## Conclusion

For the reasons discussed above, the Court GRANTS Defendant's motion (Doc. 79). Mr. Devack is excluded.

The Court will set the new dispositive motion deadline in a separate order.

**IT IS SO ORDERED.**

Date:  January 23, 2019  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT