IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-0236-DGK |
| | ) | |
| HALLMARK LICENSING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING MOTION TO ESTABLISH FACTS BY COLLATERAL ESTOPPEL

This case arises from a long-running dispute over trademarks. Plaintiff Hallmark Industries, Inc. ("Plaintiff"), is a New Jersey corporation engaged in the manufacture, marketing, sale, and wholesale distribution of jewelry. Defendant Hallmark Licensing, LLC ("Defendant"), is a wholly owned subsidiary of Kansas City based Hallmark Cards, Inc., which owns and licenses various marks that include the HALLMARK mark and Crown logo. This action is primarily an appeal from a final decision of the Trademark Trial and Appeal Board that denied Plaintiff's applications to use certain words on its jewelry products because the applications were likely to be confused with two of Defendant's registered marks.[1]

Now before the Court is Defendant's motion to establish facts by collateral estoppel (Doc. 77). Defendant argues Plaintiff should be estopped from litigating two holdings of the Bankruptcy Court for the District of New Jersey: (1) that Rosenthal & Rosenthal ("Rosenthal") had a first priority, secured claim in the nature of a first priority, secured lien on all of Diastar, Inc.'s ("Diastar") assets, up to $5,754,117.08; and (2) Rosenthal's claim survived Diastar's Chapter 7

---

[1] Plaintiff also seeks a declaratory judgment that it is the owner of two other marks and has asserted claims for trademark infringement, false designation of origin, counterfeiting, common law and statutory unfair competition, deceptive acts and practices, and tortious interference with economic advantage.

bankruptcy proceedings. Plaintiff argues the Court should deny the motion because Defendant did not reserve estoppel as an affirmative defense in its pleadings, and because fairly adjudicating the issues in the present case may necessitate addressing some issues relating to the bankruptcy case.

The Court holds Defendant's failure to list estoppel as an affirmative defense in its Answer does not preclude the Court from recognizing these two facts have been established by collateral estoppel, and that the five elements necessary to establish facts by collateral estoppel are satisfied. The Court makes no ruling on whether, or to what extent, adjudicating the issues in this case will address other issues related to the bankruptcy case. Defendant's motion is GRANTED.

**Background**

The present dispute concerns one of the key issues in this case, namely, the ownership history of the marks at issue.

Diastar, a corporation owned by Plaintiff's corporate representative, Pramod Jain, and his brother, Pradip Jain, allegedly purchased the marks in 1988 from Hallmark Jewelry, a company which had owned the trademarks since the 1950s. In 2006, a third-party, Rosenthal, acquired a security interest in Diastar's assets.

On March 17, 2008, Diastar filed for bankruptcy protection. One month before the bankruptcy filing, Diastar purportedly transferred its interest in the applications for the marks to the wives of Diastar's owners, Anita Jain and Monica Jain (the "Jain wives"). Diastar did not notify the U.S. Patent and Trademark Office regarding these purported assignments until September 2012, nor did it notify Rosenthal of the transfer. Diastar also omitted from its bankruptcy schedules the transfers of the applications for the marks to the Jain wives through the purported assignment.

Rosenthal timely filed a proof of claim in the Diastar bankruptcy. Diastar objected. After a hearing, the bankruptcy court allowed Rosenthal's claim in the amount of $5,754,117.08. It ruled Rosenthal's claim was "a first priority, secured claim, [constituting] a first priority, secured lien on all of [Diastar's] assets, up to the amount of the Allowed Claim. . . ." Diastar appealed the bankruptcy court's order, and the appeal was dismissed for lack of subject matter jurisdiction.

In July 2009, the bankruptcy court converted Diastar's Chapter 11 to Chapter 7. In May 2010, the bankruptcy court issued a final decree and closed the case. As a corporation debtor under Chapter 7, Diastar's debts were not discharged.[2] Diastar did not appeal the bankruptcy court's disposition.

In 2012, the Jain wives purportedly transferred the marks to Plaintiff.

Defendant contends that in August, 2014, pursuant to Article 9 of the Uniform Commercial Code and in partial satisfaction of its claim against Diastar, Rosenthal foreclosed its security interest in the marks, and Defendant purchased both marks from Rosenthal at a private foreclosure sale.

**Standard**

Issue preclusion, or collateral estoppel, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *New Hampshire v. Maine*, 532 U.S. 742, 748–749 (2001). By preventing parties from re-litigating matters that they already "had a full and fair opportunity to litigate," the doctrine protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by

---

[2] Under 11 U.S.C. § 727(a)(1) of the bankruptcy code, only individuals, not corporations, are discharged of their debt in Chapter 7 bankruptcy.

minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154 (1979).

Federal law governs the preclusive effect given to federal-court decisions. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 500 (2001). For a fact to be established by collateral estoppel, five elements must be satisfied:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102–03 (8th Cir. 2013).

Finally, Federal Rule of Civil Procedure 8(c) states that a party must plead estoppel as an affirmative defense. Failure to comply with the rule, however, is not necessarily fatal. *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). A trial court may consider a late-raised affirmative defense as long as it does not result in unfair surprise. *Id*. In fact, a trial court may raise the issue of estoppel *sue sponte* if it would conserve trial time by eliminating testimony on an issue that has been previously litigated. *See Hanig v. City of Winner, S.D.*, 527 F.3d 674, 678 (8th Cir. 2007) (holding the district court "properly invoked res judicata" even after defendant failed to plead it as an affirmative defense and "explicitly disclaimed the doctrine's applicability," because the court did so "to avoid unnecessary judicial waste and then gave [plaintiff] ample opportunity to argue the issue.").

**Discussion**

Plaintiff raises a threshold argument that the Court should not consider Defendant's estoppel argument because it failed to plead it as an affirmative defense. Plaintiff argues it will be prejudiced if the Court considers estoppel now since discovery has closed and the issue of the Rosenthal secured claim "is one with many aspects and cannot be assumed to have been covered by discovery if it was not introduced as a defense ahead of time." Suggestions in Opp'n at 3 (Doc. 83).

But the facts related to the Rosenthal claim have been fully discovered. Plaintiff does not dispute that during discovery all documents related to the Rosenthal claim were produced and a deposition taken of the Rosenthal executive in charge of the matter. Nor has Plaintiff identified a single issue it would have investigated or litigated differently had Defendant pled estoppel as an affirmative defense. Accordingly, the Court holds Plaintiff has not been prejudiced. The Court also finds that Plaintiff has had ample opportunity to argue the issue, and that allowing Defendant to raise the issue now will prevent re-litigating an issue previously decided in the bankruptcy proceeding and avoid waste of judicial resources.

Turning to the five elements, the Court finds they are satisfied with respect to the two propositions Defendant seeks to establish. These propositions are: (1) that Rosenthal had a first priority, secured claim in the nature of a first priority, secured lien on all of Diastar's assets, up to $5,754,117.08; and (2) Rosenthal's claim survived Diastar's Chapter 7 bankruptcy proceedings. The five elements are satisfied because Plaintiff is in privity with Diastar for purposes of establishing the effect of the bankruptcy order. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (explaining nonparty preclusion may be justified based on substantive legal relationships, including preceding and succeeding owners and assignees and assignors of property). The value

and nature of Rosenthal's claim against Diastar was at issue before the bankruptcy court; that issue was actually litigated; and the bankruptcy court ruled Rosenthal had a secured claim for over $5 million. This was a valid and final judgment, and the value and nature of Rosenthal's claim was essential to the judgment.

Indeed, Plaintiff does not really dispute that the five elements are satisfied, instead arguing that these findings do "*not include the trademarks at issue or in any way address the past transfers of, current ownership of, or value of the trademarks at issue* because these marks were not contemplated by the bankruptcy court." Suggestions in Opp'n at 3-4 (emphasis in original). In its reply, Defendant agrees with Plaintiff, confirming it is making "no claim that the bankruptcy estate included" the trademark applications for the marks at issue (which are now registered marks). Defendant explains that at trial it

> will prove up that the Rosenthal security interest included all of Diastar's intellectual property, that Diastar's transfer of the Subject Marks to the wives of its owners before the bankruptcy filing did not affect Rosenthal's lien upon them (UCC § 9-315(a)), and that Hallmark Licensing properly purchased the Subject Marks at a private foreclosure sale held by Rosenthal in accordance with UCC procedure.

Reply at 3 (Doc. 84).

The Court holds the two propositions above have been established by collateral estoppel. It makes no ruling on whether, or to what extent, adjudicating the issues in this case will address other issues related to the bankruptcy case.

## Conclusion

For the reasons discussed above, Defendant's motion (Doc. 77) is GRANTED.

**IT IS SO ORDERED.**

Date:  February 5, 2019                           /s/ Greg Kays

GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT